UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| CHRISTINA L.[1], | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   CIVIL NO. 1:22cv303 |
| | ) |
| KILOLO KIJAKAZI, Acting | ) |
| Commissioner of Social Security, | ) |
| | ) |
|    Defendant. | ) |

OPINION AND ORDER

This matter is before the court for judicial review of a final decision of the defendant Commissioner of Social Security Administration denying Plaintiff's application for Disability Insurance Benefits under Title II of the Social Security Act. Section 405(g) of the Act provides, inter alia, "[a]s part of his answer, the [Commissioner] shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based. The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the case for a rehearing." It also provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. §405(g).

The law provides that an applicant for disability benefits must establish an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of no less than 12 months. . . ." 42 U.S.C. §416(i)(1); 42 U.S.C. §423(d)(1)(A). A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities

---

[1] For privacy purposes, Plaintiff's full name will not be used in this Order.

which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §423(d)(3).  It is not enough for a plaintiff to establish that an impairment exists.  It must be shown that the impairment is severe enough to preclude the plaintiff from engaging in substantial gainful activity.  *Gotshaw v. Ribicoff*, 307 F.2d 840 (7th Cir. 1962), cert. denied, 372 U.S. 945 (1963); *Garcia v. Califano*, 463 F.Supp. 1098 (N.D.Ill. 1979).  It is well established that the burden of proving entitlement to disability insurance benefits is on the plaintiff.  *See Jeralds v. Richardson*, 445 F.2d 36 (7th Cir. 1971); *Kutchman v. Cohen*, 425 F.2d 20 (7th Cir. 1970).

Given the foregoing framework, "[t]he question before [this court] is whether the record as a whole contains substantial evidence to support the [Commissioner's] findings." *Garfield v. Schweiker*, 732 F.2d 605, 607 (7th Cir. 1984) citing *Whitney v. Schweiker*, 695 F.2d 784, 786 (7th Cir. 1982); 42 U.S.C. §405(g).  "Substantial evidence is defined as 'more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rhoderick v. Heckler*, 737 F.2d 714, 715 (7th Cir. 1984) quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1410, 1427 (1971); *see Allen v. Weinberger*, 552 F.2d 781, 784 (7th Cir. 1977).  "If the record contains such support [it] must [be] affirmed, 42 U.S.C. §405(g), unless there has been an error of law." *Garfield*, *supra* at 607; *see also Schnoll v. Harris*, 636 F.2d 1146, 1150 (7th Cir. 1980).

In the present matter, after a hearing, the Administrative Law Judge ("ALJ") made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2022.

2. The claimant did not engage in substantial gainful activity since July 19, 2019, the alleged onset date (20 CFR 404.1571 *et seq*.).

3. The claimant has the following severe impairment: postural orthostatic tachycardia syndrome (POTS) (20 CFR 404.1520(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5. After careful consideration of the entire record, the undersigned finds the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except the claimant can never crawl, climb ladders, ropes or scaffolds, or balance as that term is used vocationally. Occasional exposure to extreme heat. Must avoid all exposure to dangerous moving machinery, unprotected heights, and no work outdoors. No overhead reaching with the right, nondominant upper extremity.

6. The claimant is capable of performing past relevant work as an office manager and as an insurance sales agent. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).

7. The claimant has not been under a disability, as defined in the Social Security Act, from July 19, 2019, through the date of this decision (20 CFR 404.1520(f)).

(Tr. 13-20).

Based upon these findings, the ALJ determined that Plaintiff was not entitled to benefits, leading to the present appeal.

Plaintiff filed her opening brief on February 14, 2023. On May 22, 2023 the defendant filed a memorandum in support of the Commissioner's decision to which Plaintiff replied on July 21, 2023. Upon full review of the record in this cause, this court is of the view that the Commissioner's decision should be remanded.

A five step test has been established to determine whether a claimant is disabled. *See Singleton v. Bowen*, 841 F.2d 710, 711 (7th Cir. 1988); *Bowen v. Yuckert*, 107 S.Ct. 2287, 2290-91 (1987). The United States Court of Appeals for the Seventh Circuit has summarized that test

3

as follows:

> The following steps are addressed in order:  (1)  Is the claimant presently unemployed?  (2)  Is the claimant's impairment "severe"?  (3)  Does the impairment meet or exceed one of a list of specific impairments?  (4)  Is the claimant unable to perform his or her former occupation?  (5)  Is the claimant unable to perform any other work within the economy?  An affirmative answer leads either to the next step or, on steps 3 and 5, to a finding that the claimant is disabled.  A negative answer at any point, other than step 3, stops the inquiry and leads to a determination that the claimant is not disabled.

*Nelson v. Bowen*, 855 F.2d 503, 504 n.2 (7th Cir. 1988); *Zalewski v. Heckler*, 760 F.2d 160, 162 n.2 (7th Cir. 1985); accord *Halvorsen v. Heckler*, 743 F.2d 1221 (7th Cir. 1984).  In the present case, Step 4 was the determinative inquiry.

In support of remand, Plaintiff argues that the ALJ fundamentally and critically misunderstood the nature of Plaintiff's impairment, postural orthostatic tachycardia syndrome (POTS), and its impact on Plaintiff's functioning.  Plaintiff further contends that this misunderstanding led to erroneous conclusions in the remainder of the decision.

The ALJ rejected the severity of Plaintiff's symptoms because she found that the objective evidence was largely normal, Plaintiff's POTS symptoms "waxed and waned", she did not take her medications at times, and she continued to work beyond her alleged onset date. (Tr. 17-19.) Plaintiff argues that the ALJ's reliance on "normal" exam findings (*e.g.*, gait, range of motion, and breath sounds) and imaging (*e.g.*, brain MRI, vestibular battery testing, perfusion study, and ejection fraction testing) is completely misplaced.  Plaintiff notes that the only objective sign of POTS is elevated heart rate (*i.e.*, tachycardia), specifically when standing up. Here, as the ALJ acknowledged, exams and testing showed tachycardia. (Tr. 17 (citing Tr. 889, 1128)); *see also* Tr.

4

1112, 1206.) Likewise, "tilt table testing" is generally performed, with a positive result supporting a POTS diagnosis. Plaintiff's test was positive, supporting her diagnosis. (Tr. 647.)

Plaintiff argues that because POTS involves a constellation of symptoms that are typically difficult to diagnose, a trained medical professional must evaluate the symptoms and observe increased heart rate in response to positional changes. Several providers—including PCPs, neurologists, functional medicine providers, and cardiologists—diagnosed Plaintiff with POTS after observing tachycardia and evaluating Plaintiff's symptoms, all of which are associated with POTS. They also prescribed medication and recommended lifestyle modifications typically used to treat POTS. (Tr. 432-38, 1140.) These medical records bolster Plaintiff's claims of symptoms and limitations. *Carradine v. Barnhart*, 360 F.3d 751, 755 (7th Cir. 2004) (noting the "improbability" that a claimant would be a "good enough actress to fool a host of doctors" into thinking she suffers extreme pain and prescribing drugs and invasive treatment if they thought she were faking her symptoms).

Plaintiff also points out that "waxing and waning" of symptoms is typical of POTS. Tr. 831 (Dr. Yoder advised Plaintiff that her POTS symptoms "will wax and wane"). Thus, any temporary improvement in symptoms is not indicative of long-term functioning, nor does it suggest Plaintiff's symptoms and limitations are not as severe as alleged. *Murphy v. Colvin*, 759 F.3d 811, 818-19 (7th Cir. 2014) ("Simply because one is characterized as 'stable' or 'improving' does not mean that [one] is capable of . . . work[.]"); *Scott v. Astrue*, 647 F.3d 734, 739-40 (7th Cir. 2011) ("There can be a great distance between a patient who responds to treatment and one who is able to enter the workforce.").

Additionally, Plaintiff maintains that the ALJ's conclusion that Plaintiff did not take her

5

medications at times, and is thus less limited than alleged, is a mischaracterization. The ALJ cited to Exhibits 13F and 16F. However, Exhibit 13F shows that Plaintiff was not taking her POTS medications in March 2021, because she had surgery 7 days prior, which caused her to be weak and feverish. (Tr. 1075, 1169.) Likewise, Exhibit 16F indicates that Plaintiff was not taking Atenolol—which was prescribed as needed for high blood pressure—because she did not have high blood pressure. (Tr. 1134-40, 1144-45.) There is also evidence that Plaintiff's providers disagreed on her POTS treatment protocol. (*See, e.g.*, Tr. 432-38 (cardiologist asked about exercise and Plaintiff responded that she had not been doing it because her functional medicine providers told her not to; her local neurologist told her not to take Florinef (a corticosteroid)), 630-33 (Plaintiff reported that her PCP did not want her to take Florinef; cardiologist believed this was because of Plaintiff's "small LV" (i.e., left ventricle)), 650-53 (cardiologist wanted to consider a beta blocker, but Plaintiff's other physicians told her not to take it), 1166-68 (Plaintiff told her PCP that her cardiologist recommended she not take Cymbalta for anxiety because it could exacerbate her POTS symptoms).) This Court agrees with Plaintiff that the ALJ's mischaracterization of this evidence cannot serve as a proper basis to reject Plaintiff's symptoms.

Plaintiff further argues that the ALJ did not explain how Plaintiff's working past her alleged onset date suggests she is less limited than alleged. Due to POTS, Plaintiff has been unable to work in an office since 2019. (Tr. 234-36, 277-86, 290-97, 301-02, 326-37.) She works "random" hours at home totaling approximately 11 hours a week, operates at only 25 percent of her capacity most of the time, takes many breaks, does not timely complete her work, and does not work her hours as scheduled. (*Id*.) The only reason she remains "employed" is that her employer could not "in good conscience" terminate her in light of her health issues despite her

poor performance. (Tr. 301-02.) Thus, the ALJ erred in finding that her continued "employment" is inconsistent with disabling limitations. *Halvorsen v. Heckler*, 743 F.2d 1221, 1227 (7th Cir. 1984) (ALJ erred in attaching "great significance" to the claimant working more than 3 months where evidence showed she had a "sympathetic employer").

As it is clear that the ALJ misunderstood the nature and severity of Plaintiff's impairment, remand is required for a proper evaluation of Plaintiff's impairment.

<u>Conclusion</u>

On the basis of the foregoing, the Commissioner's decision is hereby REVERSED and REMANDED for further proceedings consistent with this Opinion.

Entered: July 31, 2023.

s/ William C. Lee<br>
William C. Lee, Judge<br>
United States District Court