UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CHRISTINA L., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CIVIL NO.  1:22cv303 |
| | ) |
| KILOLO KIJAKAZI, Acting | ) |
| Commissioner of Social Security, | ) |
| | ) |
|     Defendant. | ) |

## OPINION AND ORDER

This matter is before the Court on a motion for award of EAJA fees, filed by the Plaintiff on October 29, 2023.  The Commissioner responded to the motion November 13, 2023, to which Plaintiff replied on November 20, 2023.

The Commissioner concedes that her position in this litigation was not substantially justified and acknowledges that Plaintiff is the prevailing party.  The Commissioner objects, however, to the number of hours spent on the case. Plaintiff has requested fees of $13,314.65 for 54.7 hours of attorney time. This includes time spent replying to the Commissioner's response to the fee request.

When requesting attorney's fees under EAJA, Plaintiff bears the burden of showing that the fees her attorney seeks are reasonable.  *Ashton v. Pierce*, 580 F. Supp. 440, 441 (D.C. Cir. 1984) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)). The United States Supreme Court has stressed that "[h]ours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority." *Hensley*, 461 U.S. at 434.  Here, the Commissioner argues that Plaintiff's counsel seeks redundant fees for two attorneys to expend significant time drafting and reviewing the brief.  The Commissioner requests a reduction of 14

briefing hours. The Commissioner notes that the drafting attorney spent 28.1 hours preparing and drafting the opening brief, with 18 of those hours spent on facts, research and an internal memorandum to the senior attorney.  The Commissioner claims that significant time reviewing and drafting the facts was not necessary in this case, even though the Administrative Record was 1,253 pages long.  The Commissioner also claims that, as to the time spent on research, none of the arguments in the opening brief required any significant or novel legal research. As Plaintiff points out, however, the Commissioner has not identified any weak argument that she thinks should not have been made, but merely argues that the work should have been done by only one attorney and faster.  This Court agrees with Plaintiff that there is no legal or factual basis to support the Commissioner's position. Even though the legal arguments may not have been novel, Social Security appeals are very fact specific and the Court appreciates the time counsel spent researching the specific law that applied to the unique fact situation in this case.

      Clearly, without counsels' efforts, Plaintiff would not have prevailed.  Plaintiff notes that a remand was entered and the Commissioner did not defend its position after the remand. Plaintiff also points out that the fee request does not encompass the full amount of hours actually incurred and that counsel appropriately exercised billing judgment to insure that the hours included in the fee request were all reasonably incurred.

      With respect to the Commissioner's argument that there was an unnecessary duplication of hours because two attorneys worked on the case, this Court fails to see any redundancy.  Rather, as noted in other cases, the hours billed reflect a standard division of labor between junior and senior counsel. *Rosella T. v. Kijakazi*, 3:22cv120-RLY-MPB (S.D. Ind. April 7, 2023); *Joseph S. v. Kijakazi*, 2:21cv470-JPH-MJD, 2023 WL 2866724 (S.D. Ind. April 10, 2023); *DeArmond v. Kijakazi*, 3:23cv5-PPS-JPK (N.D. Ind. April 7, 2023).

The Commissioner also contends that the junior attorney in this case, Ms. Spinner, is not entitled to the same hourly rate as the senior attorney, Ms. De la Torre. However, as Plaintiff notes, the same hourly rate, using the National CPI, has been consistently applied by the courts to attorney fee requests, regardless of experience. There is simply no basis on which to award Ms. Spinner a lower hourly rate for her work on this case. In any event, the total hours spent on this case were small and well within the range of acceptable fee requests, especially considering that Plaintiff was represented by different counsel at the administrative level. Thus, the fee request will be granted.

## Conclusion

On the basis of the foregoing, the Court hereby GRANTS Plaintiff's motion for award of EAJA fees [DE 27], and AWARDS fees in the total amount of $13,716.65 ($13,314.65 in attorney fees, plus $402.00 in filing fees).

If the Commissioner can verify that Plaintiff does not owe any pre-existing debt subject to offset, the fees awarded shall be made payable to Plaintiff's attorney pursuant to the EAJA assignment signed by Plaintiff and her attorney.

Entered: November 28, 2023.

s/ William C. Lee
William C. Lee, Judge
United States District Court